F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SIMON TOPPAH,

      Plaintiff-Appellant,

v.

BOBBY BATTLE, et al.,

      Plaintiffs,

  and

UNITED STATES OF AMERICA,

      Intervenor Plaintiff,

v.

LARRY FIELDS, Director; DAN
REYNOLDS, Warden of Oklahoma
State Penitentiary; CALVINO S.
MUSE; HUGH REED; WILLIAM
EVANS; PHIL DESSAUER; JOE R.
MANNING; GREGORY H. HALL;
DANIEL BINTZ, members of the
Oklahoma Board of Corrections,

      Defendants-Appellees.

No. 99-7146
(E. Dist. of Oklahoma)
(D.C. No. 72-CV-95-B)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The court therefore orders the case submitted without oral argument.

Appellant, Simon Toppah, is a member of the plaintiff class in a lawsuit initiated by named-plaintiff, Bobby Battle, in 1972 (the "Battle litigation").  The Battle litigation involves claims that inmates incarcerated in Oklahoma prisons are deprived of numerous constitutional rights.  A settlement proposed in the Battle litigation provided for the dismissal of some of the claims.  Toppah received notice of the proposed settlement and was given the opportunity to object.

After receiving notice of the proposed settlement, Toppah filed a form entitled Motion for Leave to Proceed In Forma Pauperis and Supporting

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Declaration (the "ifp motion") with the United States District Court for the Eastern District of Oklahoma. The form contains a line whereon the movant must indicate the nature of the action for which he seeks *in forma pauperis* status. On this line, Toppah wrote: Filing of Objections' to Proposed Class Settlement and Urgence for Reinstatement/Modification/Enforcement of Native Americans Religious Rights.

On the same day Toppah filed his ifp motion, he also filed objections to the proposed settlement in the Battle litigation. The district court subsequently allowed Toppah to amend his objections to the proposed settlement but denied his ifp motion as moot.

In this appeal, Toppah argues the district court erred when it concluded his ifp motion was moot. Toppah's claim lacks merit. In his ifp motion, Toppah specifically indicated he was seeking *in forma pauperis* status in order to file objections to the proposed settlement in the Battle litigation. The district court allowed Toppah to file those objections without paying any fees. Thus, Toppah has suffered no cognizable injury from the denial of his ifp motion and he has no standing. *See Northeastern Fla. Chapter of the Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 663 (1993) (reiterating that a plaintiff lacks standing unless he can demonstrate that he has suffered an "injury in fact"). The district court properly concluded that Toppah's motion was moot.

Upon review of the appellate briefs filed in this matter and *de novo* review of the entire record on appeal, this court agrees with the district court's conclusion that Toppah's ifp motion is moot and we, therefore, **affirm** the dismissal of his motion.

ENTERED FOR THE COURT


MICHAEL R. MURPHY
Circuit Judge